UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALTA CONSTRUCTION EQUIPMENT
ILLINOIS, LLC,

        Plaintiffs,

v.

CONSTAR SERVICES, LLC,

        Defendants.
_____/

Case No. 2:20-cv-10789
District Judge Sean F. Cox
Magistrate Judge Anthony P. Patti

**<u>ORDER DEEMING RESOLVED IN PART, GRANTING IN PART AND DENYING IN PART (1) DEFENDANT'S MOTION TO COMPEL (ECF No. 24), (2) PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER (ECF No. 27), and (3) PLAINTIFF'S MOTION TO COMPEL (ECF No. 30)</u>**

This case involves Defendant Constar's alleged indebtedness to Plaintiff Alta for unpaid invoices in the amount of $291,802.90. (ECF No. 1, PageID.147.) Currently before the Court are three discovery motions (ECF Nos. 24, 27, 30), regarding which the parties have filed responses (ECF Nos. 33, 35 34) and statements of resolved and unresolved issues (ECF Nos. 40, 41).

Judge Cox has referred these motions to me for hearing and determination. (ECF Nos. 25, 28, 31.) A video hearing was noticed for December 10, 2020, at which attorneys Brandon Wilson and Yasir Muhammad appeared. (ECF Nos. 26, 29, 32.)

Having reviewed the motion papers and considered the oral argument of counsel for the parties, and for the reasons stated by the Court on the record, <u>all of which are incorporated by reference as if restated herein</u>, the motions (ECF Nos. 24, 27 and 30) are **DEEMED RESOLVED** as set forth in the parties' statements (ECF Nos. 40-41) and are otherwise **GRANTED IN PART** and **DENIED IN PART** as follows:

- As to Defendant's motion to compel the Fed. R. Civ. P. 30(b)(6) deposition of Plaintiff (ECF No. 24) and Plaintiff's motion for protective order (ECF No. 27), Plaintiff must designate a witness/witnesses to testify concerning Defendant's Deposition Topic Nos. 3, 8, 9 and 10.  Defendant must rephrase Deposition Topic No. 7 to specify which equipment it is contesting to have been in poor condition.  Defendant must rephrase Deposition Topic No. 11 to specify what communications it wants to ask about and the specific objections and disputes to which it is referring.  The deposition of Plaintiff's corporate representative shall take place no later than **Wednesday, December 23, 2020**.

- As to Plaintiff's motion to compel (ECF No. 30), Defendant's answer to Interrogatory No. 4 may stand, but Defendant is reminded of its duty to supplement; however, Plaintiff may serve one additional interrogatory that specifically asks for the amount(s) of the recoupment and setoff referred to in Affirmative Defense No. 9 (ECF No. 12, PageID.244) and the counter-affidavit (ECF No. 12-1, PageID.249, ¶ 8).  Defendant must supplement its answer to Interrogatory No. 6 with specificity.  Defendant's objection to Interrogatory No. 9 is **SUSTAINED**.  Defendant must supplement its answer to Interrogatory No. 10 with specificity and not just examples.  Defendant's responses to Request for Production Nos. 3 and 4 are adequate.  Defendant has up to and including **Friday, January 29, 2020** by which to comply.

Finally, no costs or expenses are awarded. The parties resolved many issues, and neither party fully prevailed upon the motions' remaining contested issues. In such circumstances, an apportionment of costs is entirely discretionary. Fed. R. Civ. P. 37(a)(5)(C).

**IT IS SO ORDERED.**

Dated: December 11, 2020

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE