UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALTA CONSTRUCTION EQUIPMENT
ILLINOIS, LLC,

        Plaintiffs,

v.

CONSTAR SERVICES, LLC,

        Defendants.

_____/

Case No. 2:20-cv-10789
District Judge Sean F. Cox
Magistrate Judge Anthony P. Patti

**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL DEPOSITIONS OF PLAINTIFF'S EMPLOYEES (ECF No. 38) and DEEMING RESOLVED IN PART, GRANTING IN PART & DENYING IN PART DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO PROPERLY ANSWER DEFENDANT'S FIRST DISCOVERY REQUESTS (ECF No. 43)**

This case involves Defendant Constar's alleged indebtedness to Plaintiff Alta for unpaid invoices in the amount of $291,802.90. (ECF No. 1, PageID.147.) Currently before the Court are Defendant's pending motions to compel. (ECF Nos. 38, 43.) Plaintiff has filed responses (ECF Nos. 48, 49), Defendant has filed reply briefs (ECF Nos. 51, 52), and statements of resolved and unresolved issues have also been filed (ECF Nos. 55, 56).

Judge Cox has referred these motions to me for hearing and determination. (ECF Nos. 39, 44.) A video hearing was noticed for January 12, 2021, at which attorneys Brandon Wilson and Yasir Muhammad appeared.

Having reviewed the motion papers and considered the oral argument of counsel for the parties, and for the reasons stated by the Court on the record, <u>all of which are incorporated by reference as if restated herein, including but not limited to the Court's extensive application of the Fed. R. Civ. P. 26(b)(1) factors</u>:

- Defendant's motion to compel depositions of Plaintiff's employees (ECF No. 38) is **GRANTED**. Among other reasons placed on the record, Plaintiff listed these individuals in its initial disclosures as ALTA representatives who are likely to have discoverable information regarding "ALTA's sales, collection and related employees working on Constar's account, who may attest to the services, invoices, damages, equipment and other related matters." (ECF No. 38-2, PageID.608-609.) (*See also* ECF No. 38-3, PageID.618-619 [Oct. 23, 2020 Answer to Interrogatory No. 5].) *See Vaughan v. City of Shaker Heights*, No. 1:10 CV 609, 2014 WL 172522, at *5 (N.D. Ohio Jan. 13, 2014). Defendant is entitled to explore this information, as it is within the scope of discovery under Fed. R. Civ. P. 26(b)(1). Defendant has offered to limit these depositions to two hours each. Accordingly, the depositions of Grady and Schatz are **COMPELLED** and shall be limited to two hours each. Contrary to Plaintiff's offer to present other witnesses for deposition ahead or in lieu of Grady and Schatz, the Court intends to permit Defendant to take depositions of its own choosing and in the sequence it prefers, per Fed. R. Civ. P. 26(d)(3).

- Defendant's motion to compel Plaintiff to properly answer Defendant's first discovery requests (ECF No. 43) is **DEEMED RESOLVED** as to Request for Production Nos. 1, 3, 4, 5, 6, 7 and 8 (*see* ECF No. 56, PageID.973 [Defendant's statement], and as confirmed by Plaintiff's counsel on the record), but **GRANTED IN PART and DENIED IN PART** as follows:

    - As to <u>Interrogatory No. 6</u>, the overburdensome and oppressive objections (ECF No. 56, PageID.973-974) are

> **OVERRULED**.  Nonetheless, based on the statements of counsel, the Court finds that Plaintiff has responded to the best of its ability.  (*See also* ECF No. 56, PageID.975-980.)  Plaintiff must supplement its answer to Subsections (a), (b), (c) & (d), explaining where the requested information generally appears on the business records it has produced, consistent with what was stated on the record.  If the requested information is not available, then Plaintiff should state so.  Plaintiff's supplemental answer shall be made under oath and served upon Defendant no later than **Tuesday, January 24, 2021**.
>
> - As to Interrogatory No. 7, the pure law, overbreadth, and burdensome objections (ECF No. 56, PageID.973-974) are **OVERRULED**.  Nonetheless, Plaintiff produced responsive business records in accordance with Fed. R. Civ. P. 33(d).  (ECF No. 56, PageID.980-981.)  Accordingly, no further answer is ordered.
>
> - As to Request to Produce Nos. 2 and 10, Plaintiff's supplemental objections – which are replicated within the statement of resolved and unresolved issues (*see* ECF No. 56, PageID.974-975) – are **OVERRULED**.  Nonetheless, the response states, as was also evident at the hearing, that "ALTA has not withheld any documents responsive to this request" (ECF No. 56, PageID.975), as required by Fed. R. Civ. P. 34(b)(2)(C); thus no further production is required.

Finally, the Court addresses Defendant's requests for awards of motion-related costs.  (*See* ECF No. 38, PageID.603; ECF No. 43, PageID.658.)  As to the motion to compel depositions (ECF No. 38), in accordance with Fed. R. Civ. P. 37(a)(5)(A), Plaintiff and its counsel are jointly responsible to reimburse Defendant's attorney in the amount of $1,575.00 (3.5 hours for the motion, 1 hour

3

for the reply, at a $350 hourly rate), which takes into consideration the type of motion, as well as defense counsel's 11 years of experience and status as a non-equity partner at Honigman LLP. Payment shall be made no later than **Tuesday, February 9, 2021**. As to the motion to compel further discovery responses (ECF No. 43), in accordance with Fed. R. Civ. P. 37(a)(5)(C), the request for an award of costs is **DENIED**, neither party having prevailed in full.

    **IT IS SO ORDERED.**

Dated: January 13, 2021

                                  Anthony P. Patti
                                  UNITED STATES MAGISTRATE JUDGE